# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID JOHNSON,<br><br>              Plaintiff,<br><br>      v.<br><br>UNKNOWN,<br><br>              Defendant. | Case No. 1:22-cv-00582-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO PROSECUTE AND FAILURE TO OBEY A COURT ORDER<br><br>(ECF No. 7)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.      Background**

Plaintiff David Johnson ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action under 42 U.S.C. § 1983.  Plaintiff initiated this action on February 22, 2022 in the United States District Court for the Central District of California.  (ECF No. 1.)  This action was transferred to the Eastern District of California on May 12, 2022.  (ECF No. 4.)

New case documents were issued on May 16, 2022.  (ECF No. 6.)  On May 17, 2022, the Court issued an order directing Plaintiff to file an application to proceed *in forma pauperis* or pay the filing fee for this action, and to file a signed complaint or a notice of voluntary dismissal, within forty-five days.  (ECF No. 7.)  The new case documents and the Court's order were served on Plaintiff at his current address of record.  In that order, Plaintiff was warned that the failure to

1

comply with the Court's order would result in dismissal of this action, without prejudice. (*Id.* at 2.)

On May 25, 2022, the new case documents were returned as "Undeliverable, Inactive, Return to Sender Attempted – Not Known, Unable to Forward," and on May 31, 2022 the Court's order was returned as "Undeliverable, Inactive."

The deadline for Plaintiff to respond to the Court's order has now expired, and Plaintiff has not filed a notice of change of address or otherwise communicated with the Court.

## II. Failure to Prosecute and Failure to Obey a Court Order

### A. Legal Standard

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

### B. Discussion

Here, Plaintiff's response to the Court's May 17, 2022 order is overdue and he has failed to comply with the Court's order. The Court cannot effectively manage its docket if Plaintiff

ceases litigating his case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424. Plaintiff was warned in the new case documents that he must keep the Court and opposing parties informed of his correct current address, and if a party moves to a different address without filing and serving a notice of change of address, documents served at the old address of record shall be deemed received even if not actually received. (ECF No. 6, p. 5.) Further, the Court's May 17, 2022 order expressly warned Plaintiff that his failure to comply with the Court's order would result in a recommendation of dismissal of this action, without prejudice. (ECF No. 7, p. 2.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff is likely to proceed *in forma pauperis* in this action, making monetary sanctions of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case and updating his address.

**III.    Order and Recommendation**

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a district judge to this action.

3

     Furthermore, the Court finds that dismissal is the appropriate sanction and HEREBY RECOMMENDS that this action be dismissed, without prejudice, for failure to obey a Court order and for Plaintiff's failure to prosecute this action.

     These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 3, 2022**                        /s/ *Barbara A. McAuliffe*
                                                                                                      UNITED STATES MAGISTRATE JUDGE